UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>CHARLES DEVILLE NASH,<br><br>Defendant. | CASE NO. CR12-23RSM<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on the second Motion for Compassionate Release filed by Defendant Charles Deville Nash. Dkt. #137.[1] Mr. Nash, an inmate at FCI Sheridan in Oregon, moves for release so that he can live with and care for his mother. *Id.* at 1. Mr. Nash's mother was 66 years old at the time the Motion was filed and suffered from "a variety of serious ailments" including trouble walking and standing. *Id*. Mr. Nash informs the Court in his Reply brief that his mother has passed away. Dkt. #140 at 1. Despite this fact, he still requests compassionate release based on his time in prison, his age, "his community and family support, rehabilitation and other 3553 factors." *Id*.

On November 30, 2012, Mr. Nash was sentenced to a term of 180 months following his guilty plea to the charge of human trafficking. *See* Dkts. #42 and #43. Given credit for time

---

[1] The Court notes that Plaintiff Nash filed a pro se second Motion for Compassionate Release, Dkt. #128, which has been replaced by the instant Motion filed by counsel. *See* Dkt. #135.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 1

served on a state charge, he has a projected release date of May 14, 2024. According to the Bureau of Prisons, his home detention eligibility release date is November 14, 2023. Dkt. #139-1 at 1 (Bureau of Prisons Sentence Monitoring Computation Data for Nash as of October 5, 2022).

Mr. Nash filed this request with the BOP in June 2022. Dkt. #128 at 2. More than 30 days have passed since the request and the Warden has not responded. The parties agree that he has satisfied the exhaustion requirement. *See* Dkt. #139 at 5.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 2

>   Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>   and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).  As relevant to the Defendant's motion, the application notes provide that "extraordinary and compelling" reasons exist under the following circumstances:

>   (C) Family Circumstances.–(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children; or (ii) The capacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>   (D) Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

USSG § 1B1.13 cmt. n.1.  This note is not binding, and merely provides useful guidance for evaluating whether the reasons provided by the defendant are "extraordinary and compelling." *United States v. Kainth*, 2020 WL 3266533 (W.D. Wash. June 17, 2020).

   The Court finds that Mr. Nash has exhausted his administrative remedies and therefore moves on to the question of extraordinary and compelling reasons particular to this Defendant justifying the requested relief.

   The original basis for requesting relief is clearly moot.  Mr. Nash's counsel should absolutely have voluntarily withdrawn this Motion.  Instead, counsel has made a half-hearted, three-sentence argument on Reply, devoid of any detail.  The new arguments on Reply have not been administratively exhausted nor has the Government had any opportunity to respond.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 3

There is simply no basis to grant the requested relief and several procedural reasons to deny it. Furthermore, Defendant has failed to demonstrate that the 3553(a) factors support compassionate release. The Court agrees with the Government that Mr. Nash has a long criminal history, the crimes at issue in this case were serious, and Mr. Nash has not demonstrated acceptance of responsibility or honesty here in the amount of time remaining in his sentence. *See* Dkt. #139 at 11–12.

Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Second Motion for Compassionate Release, Dkt. #137, is DENIED. Mr. Nash's prior *pro se* Motion, Dkt. #128, is DENIED AS MOOT.

DATED this 12th day of December, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE